UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:13-CR-00020-GFVT-HAI-27 |
| ) | |
| V. ) | |
| ) | |
| AARON DAVID ELLISON, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1404.] Defendant Aaron David Ellison has been charged with three violations of his terms of supervised release. *Id.*

In October, 2014, Mr. Ellison pleaded guilty to conspiracy to manufacture 50 grams or more of a methamphetamine mixture in violation of 2 U.S.C §§ 846 and 841(a)(1). [R. 836.] The undersigned sentenced Mr. Ellison to 100 months imprisonment followed by a four-year term of supervised release. [R. 829.] Mr. Ellison began his term of supervision on September 20, 2019. On October 3, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) charging Mr. Ellison with one violation of the terms of his supervised release. Additional addendums were issued on November 7, 2019 and March 9, 2020, each charging an additional violation. Mr. Ellison was arrested on March 9, 2020.

The violations in the Report and the Addendums (hereinafter collectively, "the Report") stem from separate arrests that occurred in Middlesboro, Kentucky. Violation 1 alleges Mr. Ellison violated the condition requiring he not commit another federal, state or local crime. Mr.

Ellison was arrested by Middlesboro police in September, 2019 for various misdemeanors, including Operating a Motor Vehicle Under the Influence of Alcohol/Drugs and Resisting Arrest. This is a Grade C violation. Violation 2 alleges Mr. Ellison violated the condition requiring he abstain from the use of alcohol. This violation is predicated on the DUI charge underlying Violation 1. This is a Grade C violation. Like Violation 1, Violation 3 alleges Mr. Ellison violated the condition requiring he not commit another federal, state or local crime. Mr. Ellison was again arrested by Middlesboro Police in October, 2019 for various offenses, including Possession of a Controlled Substance and Tampering with Physical Evidence. Mr. Ellison was indicted on these charges, and a Persistent Felony Offender charge was added by the grand jury. This is a Grade B violation.

Mr. Ellison appeared before Magistrate Judge Hanly A. Ingram for an initial appearance pursuant to Rule 32.1. [R. 1373.] During the hearing, Mr. Ellison made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention, and Mr. Ellison did not argue for release. *Id.* The Court found that detention was required.

The Court scheduled a final revocation hearing for June 5, 2020. [R. 1402.] The hearing was conducted via videoconference. *Id.* At his final revocation hearing, Mr. Ellison waived a formal hearing and stipulated to Violations 1 and 2 in the Report. The United States orally moved to dismiss Violation 3. As to Violations 1 and 2 Mr. Ellison's admitted conduct is a Grade C[1] violation. Under the Revocation Table of Chapter 7, Mr. Ellison's guideline range is seven to thirteen months. During the final hearing, the parties jointly recommended a sentence

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

of thirteen months of imprisonment, followed by four years of supervised release.  Mr. Ellison addressed the Court directly and stated he was fine with the recommendation put forth by his counsel and the United States, but stated that imprisonment has never helped him because "it was a bad environment given his addiction issues."  [R. 1404.]

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment.  Ultimately, Judge Ingram recommended revocation with a term of imprisonment of thirteen (13) months, followed by a four-year period of supervised release.  *Id.*  Mr. Ellison's underlying conviction was a methamphetamine conspiracy, and his role in that conspiracy was cooking meth.  Judge Ingram noted concern that Mr. Ellison's conduct giving rise to the violations occurred just four days after he was released from prison.  [R. 1404 at 6.]  Further, the violations are similar to Mr. Ellison's other criminal history, which includes several DUI and public intoxication offenses.  *Id.*  There is also a strong need to protect the public, as the conduct Mr. Ellison engaged in here—driving while intoxicated—is highly dangerous to others.

As to the recommendation of four years of supervised release, Judge Ingram noted a strong need for treatment in this case.  Mr. Ellison violated just four days after his release.  He never gave supervision a chance.  Further, Judge Ingram recognized Mr. Ellison had never addressed his substance abuse issues, and could benefit from the monitoring, structure, and aid of supervised release to help overcome his addiction.  The Court agrees with Judge Ingram that Mr. Ellison should view supervised release as "an opportunity to receive help and resources aimed to improve his life."  *Id.* at 7.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of

3

service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Ellison has filed a waiver of allocution. [R. 1405.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 1404**] as to Defendant Aaron David Ellison is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Ellison is found **GUILTY** of Violations 1 and 2;

3. Violation 3 is **DISMISSED** upon oral motion of the United States;

4. Mr. Ellison's Supervised Release is **REVOKED;**

5. Mr. Ellison is hereby **SENTENCED** to a term of incarceration of **thirteen (13) months**, to be followed by **four (4) years of supervised release** under the conditions contained in Defendant's original judgment [R. 836];

6. Judgment shall enter promptly.

This the 23d day of June, 2020.

Gregory F. Van Tatenhove
United States District Judge